UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES R. WILKE,

        Plaintiff,

  v.                                          Case No. 19-cv-1298-pp

NATION STAR MORTGAGE LLC,
MARQUETTE COUNTY COURTS,
and US BANK NATIONAL ASSOCIATION,

        Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 4) AND DISMISSING CASE

The plaintiff, representing himself, filed a complaint against Nation Star Mortgage LLC, Marquette County Courts and US Bank National Association asking the court to stop the sale of a home that has been in his family for sixty years. Dkt. No. 1 at 4. Along with the complaint, the plaintiff filed a notice of motion and motion to confirm sheriff's sale, which had been docketed in Marquette County Circuit Court, Case No. 2017cv000029. Dkt. No. 1-1. On that document, the plaintiff wrote "refused for cause without dishonor and without recourse to me UCC-3-501." Id. It appears that the plaintiff is asking the court to stop the Marquette County Circuit Court from confirming the sheriff's sale, which had been slated for September 9, 2019. Dkt. No. 1-1 at 1. The plaintiff also filed an application to proceed without prepaying the filing fee. Dkt. No. 4.

1

## I. Motion to Proceed without Prepaying the Filing Fee (Dkt. No. 4)

To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i). The plaintiff represents that he is married but that neither he nor his spouse is employed. Dkt. No. 4 at 1. He receives $640 each month in Social Security benefits. Id. at 2. The plaintiff does not know how much he pays per month for a mortgage but has "$500 or so" each month in expenses. Id. at 2-3. He indicates that he does not own a home and has no cash, checking, savings or other accounts. Id. at 3. The court is satisfied that the plaintiff does not have the ability to prepay the filing fee.

This does not mean that the plaintiff does not owe the filing fee; the Seventh Circuit has held that "every . . . person who proceeds [without prepaying the filing fee]" is "liable for the full fees," because "all [28 U.S.C.] § 1915(a) does for any litigant is excuse the pre-payment of fees." Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997); see also Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without prepayment of fees,' but not without *ever* paying fees.").

## II. Screening

The court next must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim" showing that she is entitled to relief. Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead every fact supporting his claims; he needs only to give the defendants fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). At the same time, the allegations "must be enough to raise a right to relief above the speculative level." Id. The court must liberally construe the allegations of her complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

    A.    Facts Alleged in the Complaint

The plaintiff alleges that the property located at N9138 Sandy Lake Road, Neshkoro, Wisconsin, has been in his family for sixty years[1] and that the county's attempts to sell the property are unlawful. Dkt. No. 1 at 4. The plaintiff says that he is disabled and that his wife is a cancer patient; he explains that it will be impossible for them to move. Id. He asks the court to rule in his favor so that the property does not end up sold and he and his wife do not end up homeless. Id.

A review of the public docket for the Marquette County Circuit Court shows that Nationstar Mortg. LLC d/b/a Champion Mortg. v. Estate of Ronald

---

[1] It is not clear whether the plaintiff owns the property; his request to proceed without prepaying the filing fee states that the amount of his monthly mortgage payment is "unknown" and that he does not own a home. Dkt. No. 4 at 2-3.

3

E. Wilke *et al.*, Case No. 2017000029 is "closed." (Available at wcca.wicourts.gov). The circuit court granted summary judgment in favor of the mortgage company on April 3, 2018, noticed the foreclosure sale on October 3, 2018 and again on November 20, 2018, and approved the sale on September 9, 2019—the same day that the plaintiff filed this case. Id. It appears that on October 6, 2020, the plaintiff requested an extension of time to vacate the residence. Id. The docket shows that on January 6, 2021, the clerk of courts docketed certificates of service for Joseph, Debra and James Wilke, posted on their door(s). Id.

    B.    Analysis

This federal court first must determine that it has jurisdiction to hear the case. As part of that determination, the court must determine whether the plaintiff has "standing" to bring this lawsuit. A plaintiff may litigate his own claims in federal court but he has no right to litigate for others. The plaintiff has not alleged that he owns the property—he says he doesn't know the amount of the mortgage and says he doesn't own a home. Although the plaintiff was named as a defendant in the underlying foreclosure action, it appears he was named as part of the Estate of Ronald E. Wilke. It is not clear that the court has standing to sue.

Nor is it clear that this federal court has the authority to intervene in a state foreclosure. Federal courts have limited jurisdiction. They may decide cases arising under the Constitution or laws of the United States and they may decide cases involving disputes between citizens of different states when the

4

amount at stake is over $75,000. This case involves neither. The plaintiff has not alleged that U.S. Bank or Nationstar violated the federal Constitution or any federal laws, and the court is not aware of any federal laws or constitutional provisions implicated by a state foreclosure action.

The plaintiff has sued the "Marquette County courts." The court assumes that the plaintiff wishes to sue the judge or judges who signed off on the foreclosure and approved the sale of the property. "A judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." Polzin v. Gage, 636 F.3d 834, 838 (7th Cir. 2011). The plaintiff cannot sue judges for doing their jobs.

Even if the plaintiff had standing and this court had jurisdiction, "[t]he Rooker-Feldman doctrine prevents lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced." Mains v. Citibank, N.A., 852 F.3d 669, 675 (7th Cir. 2017); see also Brown v. Bowman, 668 F.3d 437, 442 (7th Cir. 2012). "Claims that directly seek to set aside a state-court judgment are *de facto* appeals that trigger the doctrine" but "even federal claims that were not raised in state court, or that do not on their face require review of a state court's decision, may be subject to Rooker-Feldman if those claims are closely enough related to a state-court judgment." Mains, 852 F.3d at 675; see also Jakupovic v. Curran, 850 F.3d 898, 902 (7th Cir. 2017). Even if the plaintiff has standing, the court would have to vacate a

5

state court judgment to stop the sale. The Rooker-Feldman doctrine prohibits this federal court from taking that action.

Finally, the court notes that while the plaintiff alleges that the county's sale of the property is "unlawful," he does not explain what was unlawful about it. He does not allege fraud. He does not allege that the sale did not comply with Wisconsin law. The complaint provides no basis for this court to grant relief—even if the plaintiff had standing, even if the court had jurisdiction and even if the Supreme Court had not held that a federal court cannot act as an appeals court to overturn state-court judgments.

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 4.

The court **ORDERS** that this case is **DISMISSED.** The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 29th day of January, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**